**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

KOKO ACHACHAK,

        Plaintiff,

    v.

DEPARTMENT OF COMMERCE, *et al.*,

        Defendants.

Case No. 24-cv-2005 (TSC)

**MEMORANDUM OPINION**

Plaintiff brought this suit *pro se* on July 10, 2024. Compl., ECF No. 1. On October 24, 2024, he filed an Amended Complaint, the operative complaint. Am. Compl., ECF No. 4. He sues Defendants United States of America, the U.S. Department of Commerce, the Secretary of Commerce Gina Raimondo, and the United States Census Bureau (collectively, "Defendants"), under the Alien Tort Statute, 28 U.S.C. § 1350, to "resolve issues related to [his] status and rights as a citizen of the Maipuri Arauan Nation (MAN)." *Id.* at 1–3. Plaintiff alleges that he is a citizen of the Maipuri Arauan nation and therefore "a foreigner and alien to the United States." *Id.* at 1–2. He brings claims "for crimes against humanity and denying and interfering with [his] rights to access plenipotentiary protections, as provided by [his] nations representatives and the laws of the United States of America." *Id.* at 3.

Specifically, Plaintiff alleges that "on February 6, 2015, the United States Commerce Department Inspector General agreed that fraud had been committed against" him and ordered the Census Bureau to change and adjust their records related to Plaintiff's identity. *Id.* at 2. But according to Plaintiff, the Commerce Department and the Census Bureau have not adjusted their

records, and therefore he claims that Defendants have "committed or aided and abetted in various actions of Constructive Fraud, Identity Theft, [and] Forced Identity as a means to suppress and oppress, Unlawful Conversion, Economic Deception, and Ethnic Cleansing" in violation of the First, Fourth, Fifth, Tenth, Eleventh, and Fourteenth Amendments to the U.S. Constitution of the United States and other protections "accorded by (sic) Plaintiff by Law of nations, treaty, and Customary international Law." *Id.* at 3. He further claims that Defendants are "participants involved in what appears to be systemic crimes against humanity and systemic racism against Plaintiff," given, in part, the "forced nationality and fraudulent identification practices and policies" used by the Commerce Department and the Census Bureau. *Id.* at 10.

Among other relief, Plaintiff demands compensation in the amount of ten million dollars ($10,000,000) "per year for each year of identify fraud committed by [the Commerce Department] and [the Census Bureau]" and an order that the Census Bureau and Commerce Department adjust their records related to Plaintiffs' identity. *Id.* at 14.

Defendants moved to dismiss. Defs.' Mot. to Dismiss, ECF No. 5. Because sovereign immunity bars Plaintiffs' claims, the court will GRANT Defendants' motion.

Federal district courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (citation and internal quotation marks omitted). The plaintiff must establish that the court has subject-matter jurisdiction over the claims in the complaint. *Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008); *White v. United States*, 791 F. Supp. 2d 156, 159 (D.D.C. 2011). If the plaintiff is unable to do so, the court must dismiss the action. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

"A document filed *pro se* is 'to be liberally construed,'" and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But this standard "does not constitute a license for a plaintiff filing *pro se* to ignore the Federal Rules of Civil Procedure or expect the Court to decide what claims a plaintiff may or may not want to assert." *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C 1987) (citations omitted). And a *pro se* plaintiff must nevertheless establish a basis for jurisdiction. *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) ("Although a *pro se* complaint is held to a less stringent standard than other complaints, even a *pro se* plaintiff . . . bears the burden of establishing that the Court has subject matter jurisdiction.") (citation and internal quotation marks omitted).

The court will dismiss this action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because sovereign immunity bars Plaintiffs' claims. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). In order to overcome this bar, a plaintiff must prove that the United States has waived its sovereign immunity. *See Tavoulareas v. Comnas*, 720 F.2d 192, 195 (D.C. Cir. 1983) ("Plaintiffs bear the burden of establishing jurisdiction . . . and it must appear on the face of the complaint[.]").

The Alien Tort Statute ("ATS"), which vests in federal district courts "original jurisdiction [over] any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States," 28 U.S.C. § 1350, does not confer any waiver of foreign sovereign immunity. *Mohammadi v. Islamic Republic of Iran*, 782 F.3d 9, 17 (D.C. Cir. 2015). The ATS "is a purely jurisdictional statute, [] does not itself create a private cause of action," *Ofisi v. BNP Paribas, S.A.*, 77 F.4th 667, 676 (D.C. Cir. 2023), and is not a valid basis for suing the United

3

States, *see El-Shifa Pharm. Indus. Co. v. United States*, 607 F.3d 836, 858 (D.C. Cir. 2010) (en banc) (Kavanaugh, J., concurring) ("The Alien Tort Statute has never been held to cover suits against the United States or United States Government officials."); *see also Angeni v. U.S. Dep't of Com.*, No. 24-cv-2006 (CRC), 2024 WL 4582972, at *1 (D.D.C. Oct. 25, 2024) (dismissing claim against Census Bureau for misclassifying plaintiff as "Black" rather than "American Aborigine" because ATS "cannot be used to sue the United States for damages."); *Kongari v. United States Dep't of Com.*, No. CV 24-1919 (UNA), 2025 WL 785220, at *1 (D.D.C. Mar. 11, 2025) (dismissing case for lack of subject matter jurisdiction after finding sovereign immunity barred similar claims against the Commerce Department and its Secretary).

To the extent Plaintiff intends to assert common law torts claims against any federal defendant, *see* Am. Compl. at 4, those claims must proceed under the Federal Tort Claims Act (FTCA), which does not "confer a cause of action," but "merely provides a method for enforcing state tort law against the federal government." *Buie v. United States*, 2024 WL 519593, at *5 (D.D.C. 2024), *aff'd*, 2025 WL 502043 (D.C. Cir. 2025). But the only proper defendant in an FTCA case is the United States, not "individuals or [ ] particular government agencies." *Cox v. Sec'y of Lab.*, 739 F. Supp. 28, 29 (D.D.C. 1990) ("Since the plaintiff elected to sue the Secretary of Labor in her official capacity rather than the government itself, the complaint must fail for that reason alone for lack of subject matter jurisdiction.").

Further, the United States may be sued under the FTCA only after the plaintiff has "first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The exhaustion requirement is a mandatory jurisdictional prerequisite. *GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir.

1987).  Because Plaintiff has not pleaded any facts showing that he complied with this exhaustion requirement as to any tort claims he makes against the United States, those claims must be dismissed.

For the reasons set forth above, the court will GRANT Defendants' Motion to Dismiss, ECF No. 5, and DISMISS this case for lack of subject matter jurisdiction.  An Order will accompany this opinion.


Date: May 27, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge